IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tayseer Albeetar,                          :
                     Petitioner            :
                                           :
          v.                               :
                                           :
Unemployment Compensation                  :
Board of Review,                           :    No. 1278 C.D. 2022
                     Respondent            :    Submitted:  May 26, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  September 6, 2023


          Tayseer Albeetar (Claimant) petitions for review of an order of the

Unemployment Compensation Board of Review (Board) dated June 24, 2022.  The

Board affirmed a Referee's decision that Claimant's appeal from a redetermination

of the Department of Labor and Industry, Bureau of Unemployment Compensation

(Department), was untimely.  We quash the appeal.


## I. Background

          The certified record indicates that Claimant, a self-employed Uber

driver, filed an application for unemployment compensation (UC) benefits on June

2, 2020.  Certified Record (CR) 005.  He reported that his gross salary for 2019 had

been $5,000.00 per month. CR 003. He reported loss of work due to the COVID-19 pandemic. CR 007.

Claimant was initially awarded Pandemic Unemployment Assistance (PUA) benefits pursuant to the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act),[1] subsequently amended by the continued Assistance for Unemployed Workers Act of 2020[2] and the American Rescue Plan Act of 2021,[3] and applicable federal regulations.[4] *See* CR 012. However, on May 12, 2021, the Department's Office of UC Benefits issued a redetermination that Claimant's actual 2019 employment income for UC benefit calculation purposes was not $5,000.00 per month, but $1,714.75 per quarter, a total annual income of $6,859.00. *Id.* Therefore, the Department determined that Claimant was eligible for a weekly benefit amount (WBA) of only $195.00 rather than the $528.00 that he had been receiving. *Id.*; *see also* CR 048. The redetermination included information on appealing but also stated:

> If you disagree with this redetermination, you have the right to appeal under PA Law and your appeal must be received or postmarked by 05/27/2021. However, if you have documentation which you have not already submitted that you feel will increase the WBA, please submit it to the Department by one of the methods above and request a redetermination rather than file an appeal. You will have the right to appeal the redetermination.

CR 013. Claimant apparently alleges that he chose to submit additional documentation to the Department pursuant to the quoted information. *See* CR 046.

---

[1] 15 U.S.C. §§ 9001-9141.

[2] Pub. L. No.116-260, 134 Stat. 1182.

[3] Pub. L. No. 117-2, 135 Stat. 4.

[4] 20 C.F.R. §§ 625.1 – 625.30 & Appendices (1989).

However, he does not allege that he either requested or received a later redetermination based on any new information he submitted. In any event, he does not dispute that he did not immediately appeal the May 12, 2021 redetermination.

On June 24, 2021, Claimant sent an email message seeking to appeal the May 12, 2021 redetermination. CR 019. As the basis for his appeal, Claimant stated that he had received a letter regarding his PUA benefits, indicating that his income in 2019 was only $6859.00; however, his 2019 tax return reflected income of $47,202.00.[5] *Id.* The Department's appeal review information noted that the appeal, Docket Number 2021018924-AT, was untimely. CR 017.

A UC Referee scheduled a telephone hearing on Claimant's appeal. The hearing notice listed the issues to be decided as: "1) Whether [Claimant] filed a timely and valid appeal from the initial determination(s). 2) Whether [C]laimant is financially eligible for a higher PUA weekly benefit amount. 3) Whether [C]laimant is overpaid due to receiving [PUA]." CR 029; *see also* CR 044. Notably, although the Referee's scheduling notice in the certified record refers only to the appeal at Docket Number 2021018924-AT, the transcript of testimony lists a second appeal, Docket Number 2021017190-AT, as well. CR 042-43. The second appeal apparently related to a "Notice of Determination [of] Non-Fraud PUA Overpayment" with a mailing date of June 21, 2021. CR 044. The overpayment determination was evidently based on the previous WBA reduction that was the subject of the purportedly untimely appeal at Docket Number 2021018924-AT. *Id.*

---

[5] In his testimony at the telephone hearing before the Referee, Claimant explained that $47,202.00 was his gross income for 2019, and $6859.00 was his net income after expenses. CR 048. Claimant asserted, without citing any legal authority, that his income for PUA purposes was supposed to be based on gross income rather than net income. *Id.*

The reference to overpayment in the list of issues presumably referred to the appeal at Docket Number 2021017190-AT.

The Referee took testimony relating to both appeals at the hearing. *See* CR 044-50. Regarding the timeliness of his appeal of the May 12, 2021 redetermination, and notwithstanding the written appeal instructions included with the notice of that redetermination, Claimant testified that he "wasn't familiar that there is assistance called Appeal" and did not know he could file an appeal until he spoke with a Department employee sometime later. CR 049.

On December 4, 2021, the Referee issued a decision relating to the timeliness of Claimant's appeal of the May 12, 2021 redetermination at Docket Number 2021018924-AT. CR 054-56. The Referee found as facts that the Notice of Determination informed Claimant that his deadline to appeal was May 27, 2021, that he did not file an appeal until June 24, 2021, and that he " was not misinformed nor in any way misled regarding the right of appeal or the need to appeal." CR 055. Noting that she lacked jurisdiction to allow an untimely appeal, the Referee dismissed Claimant's appeal. CR 056-57.

Claimant appealed to the Board from the Referee's decision. CR 064-66. That appeal, which related to the Referee's decision at Docket Number 2021018924-AT, was docketed as Number 2021002964-BR before the Board. In that appeal, Claimant challenged only the substance of the May 12, 2021 redetermination that reduced his WBA. CR 064-65. He did not argue that the Referee had erred in dismissing his appeal as untimely. *See id.* By order dated June 24, 2022, the Board adopted the Referee's findings and conclusions and affirmed the Referee's dismissal of Claimant's appeal as untimely. CR 075. The Board explained, in pertinent part:

4

On appeal, [C]laimant complains that his issues related to the reduction in his [WBA] were not corrected. Unfortunately, the Board and the Referees do not have jurisdiction to review the underlying determination because [C]laimant filed an untimely appeal. The fact that [C]laimant did not fully comprehend the [re]determination or its effect does not warrant accepting the appeal nunc pro tunc (now for then). Therefore, the [re]determination reducing[C]laimant's [WBA] to $195 per week stands as final.

*Id.*[6] This appeal followed.

## II. Discussion

Claimant's sole argument on appeal is that the Board mistook what order he was appealing and therefore erred in concluding that the appeal was untimely. Claimant maintains that his appeal to the Board on June 24, 2021 was timely in relation to the "Notice of Determination [of] Non-Fraud Overpayment" dated June 21, 2021. *See* CR 044. However, this argument is without merit *in this appeal*.

---

[6] The Board opined further:

Nevertheless, even if [C]laimant had filed a timely appeal, the [re]determination appears correct based on [C]laimant's 2019 tax information. The regulations for Disaster Unemployment Assistance must be applied when calculating the weekly benefit amount for . . . PUA[]. It requires the calculation of [C]laimant's [WBA] based on **net income** from the taxable year. As presented on [C]laimant's 2019 Schedule C, he had a net profit of $6,859. To determine a weekly amount under state law provision, this amount must be pro-rated to four financial quarters. The prorated amount: $1,714, on the state table entitles a claimant to only $68 per week. Therefore, it appears correct that [C]laimant was entitled to the minimum PUA [WBA] of $195.00.

CR 075-76 (emphasis in original).

5

First, as stated above, Claimant did not assert before the Board that his appeal from the redetermination of May 12, 2021 was timely.[7] *See* CR 064-65. As this Court has explained previously, the Board's regulations require an appellant to state on the appeal form the reasons for the appeal; any reason not stated on the appeal form to the Board is not preserved for a further appeal to this Court. *Merida v. Unemployment Comp. Bd. of Rev.*, 543 A.2d 593, 595 (Pa. Cmwlth. 1988) (citing former 34 Pa. Code § 101.82; the referenced language is now contained in 34 Pa. Code § 101.81(c)(4)); *see also Green v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 844 C.D. 2020, filed Dec. 22, 2021), slip op. at 7 (citing *Merida* and observing that "failure to preserve issues before the Board results in waiver of those issues"). Accordingly, Claimant has waived the timeliness issue by failing to preserve it before the Board.

Even if Claimant had not waived the issue, the appeal he is attempting to assert is not properly before this Court. Claimant's sole argument in support of timeliness is that his appeal filed on June 24, 2021 was timely because it appealed a determination issued on June 21, 2021. However, as explained above, the record is clear that the June 21, 2021 determination was the "Notice of Determination [of] Non-Fraud PUA Overpayment" at Docket Number 2021017190-AT. As explained below, no appeal of the June 21, 2021 determination is properly before us.

On September 27, 2022, upon receiving a copy of the Board's separate decision on Claimant's appeal of the June 21, 2021 determination, this Court served Claimant with a notice that provided, *inter alia*:

> The Court has received your recent communication indicating your intention to appeal from a decision of the agency listed at the end of this notice. The Pennsylvania

---

[7] He likewise did not mention the issue of whether his appeal of the June 21, 2021 "Notice of Determination [of] Non-Fraud Overpayment" was timely. *See* CR 064-65.

Rules of Appellate Procedure (Pa.R.A.P.) require that in order to perfect your appeal you must file a petition for review with this Court . . . . [U]nless your petition for review is filed and the filing fee (if any) is paid **within 30 days of the date of this notice**, the Court will take no further action in this matter. *See* Pa.R.A.P. 121, 1512, 1514; Commonwealth Court Internal Operating Procedures § 211[.]

*Albeetar v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1278 C.D. 2022), Notice dated September 27, 2022 (emphasis in original).

In response, Claimant filed a single petition for review regarding both the May 12, 2021 redetermination reducing his WBA at Docket Number 2021018924-AT and the June 21, 2021 "Notice of Determination [of] Non-Fraud PUA Overpayment" at Docket Number 2021017190-AT. On December 7, 2022, this Court issued an order that stated, in its entirety:

NOW, December 7, 2022, upon review of the above matter, on October 26, 2022, the Court received [Claimant's] petition for review indicating his intent to appeal two separate [Board] decisions dated and mailed on June 24, 2022. Upon review of the two [Board] decisions, docketed at 2021002964-BR and 2021003098-BR, each [Board] decision involves the appeal of a different Referee decision.

Accordingly, this Court will consider the petition for review in this matter as an appeal of only the [Board] decision at docket number 2021002964-BR. If [Claimant] wishes to also appeal the [Board] decision at docket number 2021003098-BR, he must file, within 30 days of the date of this Order, a separate petition for review for the [Board] decision at docket number 2021003098-BR. The October 26, 2022, filing date of the initial petition for review shall be preserved as the appeal date of any subsequent petition for review challenging the [Board] decision at docket number 2021003098-BR. [Claimant's] failure to file a separate petition for review shall result in

7

> the abandonment of any appeal from the [Board] decision
> at docket number 2021003098-BR.

*Albeetar*, Order dated December 7, 2022.[8]  It is clear, therefore, that this appeal relates only to the May 12, 2021 redetermination reducing Claimant's WBA, his appeal of which on June 24, 2021 was untimely.

    For these reasons, Claimant's appeal is quashed.


_____
CHRISTINE FIZZANO CANNON, Judge


President Judge Cohn Jubelirer concurs in the result only.

---

[8] A search of this Court's electronic docketing system revealed no separate petition for review relating to the Board's order at Docket Number 2021003098-BR regarding the June 21, 2021 determination.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tayseer Albeetar,                  :
            Petitioner      :
                        :
     v.                  :
                        :
Unemployment Compensation  :
Board of Review,          :   No. 1278 C.D. 2022
            Respondent   :

## O R D E R

AND NOW, this 6th day of September, 2023, the appeal of Tayseer Albeetar from the order of the Unemployment Compensation Board of Review dated June 24, 2022 at Docket No. 2021002964-BR is QUASHED.

_____
CHRISTINE FIZZANO CANNON, Judge